## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SAMUEL LEWIS TAYLOR,         )
                                     )
        Plaintiff,           )
                                     )
        v.                    )          No. 4:12-CV-614 CAS
                                     )
UNKNOWN BAILEY, et al.,        )
                                     )
        Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Gwenn Botkin's motion for summary judgment. Also pending before the Court is plaintiff's motion for summary judgment. The motions are fully briefed and ripe for review. For the follow reasons, the Court will deny both motions for summary judgment.

### I.  Background

Plaintiff Samuel Lewis Taylor is an offender in the custody of the Missouri Department of Corrections ("MDOC"). He originally brought suit under 42 U.S.C. § 1983 for monetary damages against Unknown Bailey (Caseworker), Unknown Botkins (Librarian),[1] Cindy Griffith (Functional Unit Manager), Unknown Spoo (Correctional Officer), Unknown Mezo (Correctional Officer), Unknown Rich (Correctional Officer), Unknown Glore (Correctional Officer), Unknown Cain (Correctional Officer), Unknown Holly (Nurse), and Unknown Cassie (Nurse). In his complaint, plaintiff, who is proceeding pro se, alleged a number of claims that arose from unrelated incidents. In paragraphs one through six of his complaint, plaintiff's asserts claims against defendants Botkin

---

[1]Plaintiff misnamed defendant Unknown Botkins in his complaint. This defendant responded as "Gwenn Botkin." Plaintiff, however, did not amend his complaint. For purposes of clarity, from herein the Court shall refer to this defendant as "Botkin."

and Glore. The allegations arise from an incident in the prison library that occurred sometime in January 2011. Plaintiff alleges that at the behest of Botkin he was placed in administrative segregation, during which he did not have recreation time and his personal property was damaged. In paragraphs seven through nine of the complaint, plaintiff asserts claims against defendants Spoo and Bailey. The allegations arise out of his work assignment in the prison's main kitchen. Plaintiff alleges that he was forced to work beyond his physical capabilities. In paragraphs ten through eleven, plaintiff asserts a claim against defendant Cain, arising out of an April 16, 2011 cell search that resulted in property damage and theft. In paragraphs twelve through fourteen, plaintiff asserts claims against defendants Spoo and Bailey, arising out of plaintiff's alleged theft of some pizza in June 2011. In paragraphs fifteen through seventeen, plaintiff asserts claims against defendants Mezo and Rich, arising out of a June 2011 incident when Mezo wrote-up plaintiff for giving too much pudding to another inmate. In paragraphs eighteen through nineteen, plaintiff asserts claims against defendants Spoo, Cain, Holly, and Cassie arising out of a June 2011 incident when plaintiff was denied medical care after he experienced extreme pain from lifting heavy objects in the prison's kitchen.

In a Memorandum and Order dated May 12, 2012, the Court found that the defendants in this case were not properly joined. It found that the allegations against defendants Botkin and Glore in paragraphs one through six of the complaint did not pertain to the same defendants or arise out of the same series of transactions and occurrences as those in the remaining counts of the complaint. As a result, the Court dismissed, without prejudice, defendants Unknown Bailey, Cindy Griffith, Unknown Spoo, Unknown Mezo, Unknown Rich, Unknown Cain, Unknown Holly, and Unknown Cassie.

As for defendants Botkin and Glore, the Court conducted a § 1915(e)(2)(B) review and concluded that plaintiff's claims against Botkin and Glore in their official capacities were legally frivolous. As for plaintiff's claims against these two defendants in their individual capacities, the Court found "[p]laintiff does not set forth any facts indicating, nor does it appear likely, that defendant Botkin, the librarian, was directly involved in or personally responsible for the conditions of plaintiff's administrative segregation confinement, including recreation" and that plaintiff's allegations "do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest." See Doc. 5 at 7. The Court dismissed the action as to defendants Botkin and Glore. Id. at 9.

Plaintiff appealed, and on November 30, 2012, the Eighth Circuit Court of Appeals affirmed the Court's dismissal, with the exception of the retaliation claim against defendant Botkin in her individual capacity. The Eight Circuit held that:

> Taylor sufficiently stated a nonfrivolous First Amendment retaliation claim against Botkin[ ]. Taylor alleged that Botkin[ ] – who supervised Taylor in his job at the prison law library – confronted him over a pending lawsuit which she believed he had brought against her, and that six days later she had him placed in administrative segregation on a trumped-up allegation (for which he was never formally charged or disciplined). See Zutz v. Nelson, 601 F.3d 842, 848- 49 (8th Cir. 2010) (for First Amendment retaliation claim, plaintiff must "plead that he/she 'engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [them] that would chill a person of ordinary firmness from engaging in that activity'" (alteration in original) (quoting Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007))); see also Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012) (filing of inmate lawsuit is protected First Amendment activity); cf. Smith v. Fairview Ridges Hosp., 625 F.3d 1076, 1087-88 (8th Cir. 2010) (temporal proximity between knowledge of protected activity and adverse action may alone support causality in employment-retaliation case when proximity is very close).

See Taylor v. Bailey , 494 Fed. Appx. 674, 675 (8th Cir. 2012). The Eighth Circuit reversed and remanded as to plaintiff's First Amendment retaliation claim against defendant Botkin.

After conducting discovery, defendant Botkin now moves for summary judgment on three grounds. First, she argues plaintiff failed to properly exhaust his administrative remedies. Second, she argues that the undisputed evidence establishes that she did not unlawfully retaliate against plaintiff. And finally, she argues that she is entitled to qualified immunity. Plaintiff also submitted a motion for summary judgment in which he argues that he is entitled to judgment as a matter of law in regard to his retaliation claim, as well as his due process claims, which were previously dismissed.

## II. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Fed.R.Civ.P. 56(c).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 257; Heisler v. Metropolitan Council, 339 F.3d 622, 626 (8th Cir. 2003). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

### III. Facts

In support of her motion for summary judgment, defendant Botkin submitted a bare-bones statement of uncontroverted material facts. Plaintiff did not respond to defendant's statement of uncontroverted facts or provide the Court with a statement of material facts as to which he contends a genuine dispute exists. Accordingly, plaintiff has not met the requirements of Local Rule 4.01(E), and he is deemed to have admitted all eight of the facts in defendant's statements of uncontroverted facts.[2] <u>Deichmann v. Boeing Co.</u>, 36 F. Supp.2d 1166, 1168 (E.D.Mo. 1999), <u>aff'd</u>, 232 F.3d 907 (8th Cir. 2000), <u>cert. denied</u>, 531 U.S. 877. <u>Cf.</u> <u>Northwest Bank & Trust Co. v. First Ill. Nat'l Bank</u>, 354 F.3d 721, 725 (8th Cir. 2003) (holding that the district court did not abuse its discretion by applying local rules that excluded some of the material facts offered in opposition to a motion for summary judgment). Plaintiff, who is proceeding <u>pro se</u>, did file a declaration, signed under penalty of perjury, in support of his motion for summary judgment. And both sides submitted exhibits in

_____

[2]Local Rule 4.01(E) provides, with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

support of their motions for summary judgment. After reviewing the record, and with the summary judgment standard in mind, the Court accepts the following facts as true for purposes of resolving the motions for summary judgment.

In January 2011, plaintiff filed a lawsuit in this District against a number of MDOC officials, entitled Taylor v. Phillips, et al., No. 1:11-CV-6 SNLJ. Botkin was not named as a defendant in the suit. On or about January 20 or 21, 2011, plaintiff, who was a law library clerk, had a discussion with defendant Botkin, who was working as a librarian in the prison library, about plaintiff's pending lawsuit. According to plaintiff, defendant Botkin believed that she had been named in this suit, and she confronted plaintiff about it. Plaintiff attempted to show Botkin that the suit was against other prison officials. When he showed her a web-page about his suit on a library computer, Botkin became visibly upset and walked away.

On or about January 26, 2011, plaintiff was taken to administrative segregation. Plaintiff was placed in administrative segregation because defendant Botkin had made a report to prison custody staff. There is a discrepancy in the record as to whether she informed staff that plaintiff was actually in an altercation with another offender in the library, or that he was possibly going to be in an altercation with another offender. Plaintiff was in administrative segregation for approximately two months. Following an investigation, plaintiff was found "not guilty," and he was released from administrative segregation. See Doc. 34, Ex. C at 14. When he was returned to the general prison population, he was no longer allowed to work as a law library clerk.

On February 28, 2011, plaintiff filed an Informal Resolution Request ("IRR") in which he complained that he was placed in administrative segregation for filing a lawsuit against prison officials. Plaintiff did not name Botkin in his IRR. On April 5, 2011, prison staff responded to the IRR, finding plaintiff was not placed in administrative segregation for retaliatory purposes. On

April 26, 2011, plaintiff filed a grievance regarding his assignment to administrative segregation. In his grievance, plaintiff also included additional events that occurred after he was released from administrative segregation. On June 14, 2011, the superintendent reviewed the grievance and found there was no basis for plaintiff's claim that he was retaliated against for filing a lawsuit. On June 22, 2011, plaintiff filed a grievance appeal. Again, plaintiff added additional claims and events that were not included in his IRR, although he continued to allege that he was placed in administrative segregation because he had filed a lawsuit. This appeal was reviewed, and on August 8, 2011, it was found to be without merit.

## IV. Discussion

### A.    Defendant Botkin's Motion For Summary Judgment

#### 1.    Administrative Exhaustion

In her motion, defendant Botkin argues that plaintiff did not administratively exhaust his claim against her because he failed to name her in his initial IRR that he filed with the MDOC, and that he improperly expanded his grievance by adding claims. The Prison Litigation Reform Act ("PLRA") imposes an exhaustion requirement on state prisoner who wish to pursue a claim under § 1983. The PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is "mandatory" and unexhausted claims must be dismissed. Jones v. Bock, 549 U.S, 199, 211 (2007).

The Supreme Court has explained that to properly exhaust administrative remedies, a prisoner must complete the administrative review process in accordance with the procedural rules as defined by the applicable prison grievance process itself. Jones, 549 U.S. at 218-19. Compliance

with prison grievance procedures is all that is required by the PLRA to properly exhaust. Id. The Court noted that the level of detail necessary to comply with grievance procedures "will vary from system to system and claim to claim[.]" Id. at 218. See also Frazier v. Winfield, 252 Fed. Appx. 117, 118 (8th Cir. 2007) (per curium) ("The prison's requirements, not the PLRA, define the boundaries of proper exhaustion.")

Defendant Botkin did not provide the Court with any evidence regarding MDOC's grievance procedures. MDOC's grievance procedures have, to some extent, been discussed in Eighth Circuit case law. According to the Eighth Circuit, Missouri has developed a three-step procedure for inmates to internally grieve complaints against MDOC and its staff: informal resolution request, grievance, and grievance appeal. See Hammett v. Cofield, 681 F.3d 945, 948 (8th Cir 2012). After receiving the grievance appeal response, the inmate "has exhausted the grievance process." Id.

It is undisputed that plaintiff filed an IRR, a grievance, and a grievance appeal, in all of which he complained that he was placed in administrative segregation in retaliation for filing a lawsuit against MDOC staff. On February 28, 2011, plaintiff filed an IRR, in which he claimed that he was placed in "in the hole" for filing a lawsuit and grievances. See Doc. 34, Ex. C at 10-13. MDOC investigated the IRR, and on April 5, 2011, and it found that there was no evidence that "staff" had retaliated against plaintiff by placing him in "Adseg." Id. at 14. On April 9, 2011, plaintiff escalated his claim and filed a grievance. Id. at 8.[3] On June 14, 2011, the superintendent filed a response, in which he wrote: "[I]t is clearly evident that you have expanded your complaint into numerous issues since your initial filing of informal resolution request. . . . Your initial

_____

[3]In the written comments section of the grievance, plaintiff notes that a description of his grievance is continued on the "back page." The "back page," however, was not provided in the exhibit defendant submitted to the Court.

complaint is that you allege staff retaliated against you by placing you on temporary administrative segregation confinement because of your filing a lawsuit against staff. . . . All the information, facts, statements and documents reveal that you were placed on TASC because staff had reason to believe that you were involved in an altercation with another offender, therefore confinement was ordered on the basis of you being an immediate security risk. There is no basis for your allegations that you were retaliated against for filing a lawsuit against staff." Id. at 8. Plaintiff filed an "Offender Grievance Appeal" on June 22, 2011. Id. at 7. In this document plaintiff mentions defendant Botkin by name. On August 8, 2011, MDOC filed its response in which it again found there was no evidence that plaintiff was retaliated against for filing a lawsuit against staff. Id. at 3.

Botkin faults plaintiff and argues that he failed to exhaust his administrative remedies because he did not refer to her by name in his IRR. There is no evidence in the record, however, that MDOC grievance procedures require that an offender name a prison official by name in an IRR. Recently, the Eighth Circuit dismissed a prisoner's claim against a guard because the prisoner failed to name the guard in his grievance. Burns v. Eaton, --- F.3d ---, 2014 WL 2134587, *4 (8th Cir. May 23, 2014). But unlike the prison grievance policy at issue in Burns, which explicitly required that each individual must be specifically named, defendant has provided no evidence that Missouri's three-step grievance procedures require that individuals be named.[4] Defendant has pointed to nothing in the MDOC policy that supports her assertion that plaintiff was required to name her in all steps of the MDOC's grievance procedures.

---

[4]The administrative exhaustion requirement is not a heightened pleading requirement, but an affirmative defense that defendants have the burden to plead and to prove. Jones, 549 U.S. at 216.

Botkin also faults plaintiff for adding additional claims in his grievance and grievance appeal that were not addressed in his IRR. This argument is not compelling. The claim that is at issue in this case – whether plaintiff was placed in administrative segregation for filing a lawsuit against prison officials – was in plaintiff's IRR, and it was addressed in his grievance and grievance appeal. Plaintiff did add claims that were not in his IRR to his grievance and grievance appeal, but MDOC declined to review these additional claims on procedural grounds. The fact that plaintiff added additional claims is not material, however, because the additional claims were never part of this suit, or they were previously dismissed on frivolity review.

But even if plaintiff did not comply with MDOC's grievance procedures, his claim that he was retaliated against by Botkin was exhausted in that the MDOC addressed plaintiff's claim on the merits. "[A] grievance that could have been denied for failure to comply with a procedural requirement is nonetheless exhausted for PLRA purposes if the institutional decision-maker instead denied it on the merits." Hammett v. Cofield, 681 F.3d 945, 947 (8th Cir. 2012) (per curiam). The Court finds plaintiff has properly exhausted his administrative remedies with respect to his claim that Botkin retaliated against him for filing a lawsuit by having him placed in administrative segregation. Botkin's argument regarding exhaustion is without merit.

## 2.    First Amendment Retaliation

Defendant Botkin also moves for summary judgment on the ground that the undisputed facts establish that she did not retaliate against plaintiff. The Constitution protects a prisoner's right to be free from retaliation for availing one's self of the prison grievance process or filing a lawsuit. Nelson v. Shuffman, 603 F.3d 439, 449-50 (8th Cir. 2010), Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012) (filing of inmate lawsuit is protected First Amended activity). This right has been clearly established in the Eighth Circuit for more than twenty years. Id. To establish a § 1983

claim for retaliation in violation of the First Amendment a plaintiff must show: (1) that he or she "engaged in a protected activity"; (2) that the government official "took adverse action against" him or her "that would chill a person of ordinary firmness from continuing in the activity"; and (3) that the adverse action was "motivated at least in part by the exercise of the protected activity." Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004); see also Beaulieu, 690 F.3d at 1025. To satisfy the causal connection prong, "the plaintiff must show the official took the adverse action because the plaintiff engaged in the protected speech." Revels, 382 F.3d at 876. As the Eighth Circuit has suggested, the temporal proximity between knowledge of the protected activity and the adverse action may alone support causality when the proximity is very close. Taylor v. Bailey, 494 Fed. Appx. 674 (8th Cir. 2012) (citing Smith v. Fairview Ridges Hosp., 625 F.3d 1076, 1087 (8th Cir. 2010) (abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011)).

In her motion for summary judgment, defendant Botkin argues that she had no motive to retaliate against plaintiff because she was not named in his prior lawsuit. The Court does not find this argument to be persuasive. Defendant Botkin cites no controlling authority that would require that the lawsuit be against her personally. Plaintiff clearly had engaged in a protected activity by filing the lawsuit, and he has presented evidence that defendant Botkin expressed displeasure that he had filed suit against others in the department, including possibly a friend of hers. Filing suit against others in the MDOC is a protected activity. Beaulieu, 690 F.3d at 1025.

Defendant Botkin also argues that she is entitled to summary judgment because she did not issue plaintiff a conduct violation, and she did not have the authority to place him into administrative segregation. Even if the Court construes these facts as true, which it must do because they were not disputed, these facts are not determinative. Plaintiff is not alleging that Botkin placed him into

administrative segregation, but rather he alleges, and he has presented some evidence in support, that defendant Botkin fabricated an incident in the library, the reporting of which she knew would result in plaintiff being placed in administrative segregation. Taking the evidence in a light most favorable to plaintiff, this occurred within days of the confrontation between plaintiff and defendant Botkin about plaintiff having filed a lawsuit. After examining the record in this case, the Court finds there remain issues of material fact as to whether defendant Botkin took an adverse action against plaintiff – having him placed in administrative segregation on a fabricated charge – and whether she was motivated, at least in part, because he had filed a suit against others in the MDOC. Defendant Botkin has not shown to the Court's satisfaction that she is entitled to summary judgment as a matter of law.

### 3.    Qualified Immunity

Finally, defendant Botkin argues that she is entitled to qualified immunity. Defendants may be entitled to qualified immunity for those claims brought against them in their individual capacities. McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009). "Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." Howard v. Kansas City Police Dep't., 570 F.3d 984, 988 (8th Cir. 2009). The court may first address either prong. Id. (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009).

For purposes of summary judgment, defendant Botkin is not entitled to qualified immunity. Based on Eighth Circuit precedent, it is clearly established that a prison official may violate a prisoner's constitutional rights by taking actions in retaliation for the prisoner's prior exercise of his constitutional rights. See Royal v. Kautzky, 375 F.3d 720, 722 (8th Cir. 2004) (prisoner's First Amendment rights were violated when he was placed in administrative segregation for sixty days after making numerous complaints and grievances); Trobaugh v. Hall, 176 F.3d 1087, 1088-89 (8th Cir. 1999) (prisoner's First Amendment right to petition for redress was violated when he was placed in administrative segregation for three days in retaliation for having filed grievances); see also Goff v. Burton, 7 F.3d 734, 736-37 (8th Cir. 1993) (prison officials may not transfer an inmate to another institution in retaliation for inmate's filing of legal actions).

As for the first prong, whether defendant Botkin violated plaintiff's constitutional rights, viewing the facts in a light most favorable to plaintiff, the Court finds there is evidence to demonstrate Botkin violated plaintiff's rights under the First Amendment. There is evidence to show that Botkin retaliated against plaintiff for filing a lawsuit by having him placed in administrative segregation on a trumped-up allegation, for which he was later found "not guilty." Thus, there remain issues of disputed facts that preclude the Court from finding Botkin is entitled to qualified immunity. Botkin's motion for summary judgment based on qualified immunity should therefore be denied.

## B.      Plaintiff's Motion For Summary Judgment

Plaintiff has also filed a motion for summary. Plaintiff's motion, which he filed pro se, merely contains recitations of the law without citations to the record or any analysis as to how the law applies to the facts of this case. The Court will not grant plaintiff summary judgment because he did not comply with Local Rule 4.01(E) and file a statement of uncontroverted material facts in

support of his motion for summary judgment. <u>Deichmann v. Boeing Co.</u>, 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999). Plaintiff did file with his motion for summary judgment, his declaration signed under penalty of perjury, as well as exhibits. But even if the Court were to waive its requirements and liberally construe plaintiff's motion and affidavit, the Court finds plaintiff is not entitled to summary judgment. First, the Court has already dismissed plaintiff's due process claims. Second, as discussed above, there remain issues of material fact that preclude summary judgment as to plaintiff's claim of First Amendment retaliation.

## *V. Conclusion*

In sum, the Court finds plaintiff has administratively exhausted his claim against defendant Botkin and he is not precluded from pursuing this claim in federal court. In addition, the Court finds there remain issues of material fact as to whether defendant Botkin took an adverse action against plaintiff and whether she was motivated, at least in part, because he had previously filed a suit against MDOC staff. The Court further finds, for purposes of summary judgment, that defendant Botkin has not shown that she is entitled to qualified immunity. The Court also finds plaintiff has not met his burden of establishing that he is entitled to summary judgment as a matter of law. Both motions for summary judgment will be denied. The Court will appoint plaintiff trial counsel and set this case for trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Botkin's motion for summary judgment is **DENIED**. [Doc. 33]

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment is

**DENIED.** [Doc. 26]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___1st___ day of July, 2014.