## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **SAMUEL LEWIS TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:12-cv-614 CAS |
| ) | |
| **GWENN BOTKIN, n/k/a MARLOW,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S TRIAL BRIEF

Defendant Gwenn Botkin, n/k/a Marlow, by and through her undersigned counsel and pursuant to this Court's Second Amended Case Management Order [Doc. #65], files her Trial Brief.

### I.     Factual Background

Plaintiff brought this action under 42 U.S.C. § 1983 seeking monetary relief for a violation of the First Amendment to the United States Constitution.

Plaintiff alleges that he had a conversation with Defendant in the library at Potosi Correctional Center sometime in January 2011. Plaintiff claims that Defendant asked if he was suing her. Plaintiff told Defendant that he was not suing her. Plaintiff showed Defendant the various lawsuits he then had pending. The pertinent lawsuit was case number 1:11-CV-00006 SNLJ, entitled *Taylor v. Phillips, et al*. Defendant was not a named party in

that lawsuit. Plaintiff alleges that several days later he was assigned to administrative segregation and that he was fired from his job as a library clerk. Plaintiff argues that his assignment to administrative segregation was ordered by Defendant in retaliation for filing his lawsuit in which Defendant was not named.

Defendant states that she received information from another inmate that Plaintiff blamed an offender named Messiah Stallman for telling Defendant about the previous lawsuit and that Plaintiff planned to start a fight in the library. Defendant sent an e-mail to the Shift Commander letting him know this information. An investigation was started and, pursuant to policy, both Plaintiff and Messiah Stallman were placed in administrative segregation for the duration of the investigation. Plaintiff lost his job because he was placed in administrative segregation and needed to reapply when he was returned to general population. Neither Plaintiff nor Offender Stallman got their library jobs after being released from administrative segregation on the advice of the warden.

## II.  **Factual Issues**

The primary factual issues are (1) whether Defendant retaliated against Plaintiff by reporting that she had been informed that a fight was going to occur between Plaintiff and Messiah Stallman; and (2) whether

Defendant retaliated against Plaintiff by not allowing him to be rehired as a law clerk in the library.

## III.  Legal Issues

To prove retaliation a plaintiff must show: "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (citations omitted). "Merely alleging that an act was retaliatory is insufficient." *Id*. Additionally, the discipline must have been that which would "chill a person of ordinary firmness from engaging in that activity." *Id*. at 1028.

Plaintiff is not able to meet this test. Defendant Marlow had no motive to retaliate against Taylor because she was not named as a defendant in any previous lawsuit he had filed. Moreover, in the year before the alleged incident of January 2011, Taylor never filed a grievance or complaint on Botkin, nor did she issue a conduct violation to Taylor.

Plaintiff cannot show that Defendant disciplined him. Defendant was following protocols set by the prison to ensure the safety and security of the institution by reporting what she had heard. In fact, if she did not report information like this, and there was a fight, she would have been subject to discipline. Further, Defendant did not have the authority to issue an order that Taylor be placed in administrative segregation.

3

In regard to Plaintiff's job in the library, Defendant first sought advice from the warden about whether she should rehire Messiah Stallman when he applied. She was told that it would not be a good idea to hire him back into the library. She assumed the same was true about Plaintiff when he applied to get his job back as they both lost their jobs for the same reason.

    Respectfully submitted,

    **CHRIS KOSTER**
    Attorney General

    /s/ *Katherine S. Walsh*
    Katherine S. Walsh, MO37255
    Elad Gross, MO67125
    Assistant Attorneys General
    Old Post Office Building
    P.O. Box 861
    St. Louis, MO 63188
    Tel:   (314) 340-7861
    Fax:  (314) 340-7029
    katherine.walsh@ago.mo.gov
    elad.gross@ago.mo.gov

    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court on the 30th day of October, 2015 to be served by operation of the Court's electronic filing system on the following:

Stephen G. Strauss
Thor T. Mathison
Helen Looney
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis MO 63102
Tel:   (314) 259-2000
Fax:   (314) 259-2020
sgstrauss@bryancave.com

/s/ *Katherine S. Walsh*