# IN THE U.S. DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-CV-614-CAS |
| ) | |
| GWENN BOTKIN, ) | |
| ) | |
|     Defendant. ) | |

## PLAINTIFF'S TRIAL BRIEF

Plaintiff Samuel Lewis Taylor ("Taylor"), though his counsel and pursuant to the Court's Second Amended Case Management Order [Doc. #65], states the following in support of his Trial Brief:

### I.     Factual Background

Taylor brought suit against Gwenn Botkin ("Botkin"), pursuant to 42 U.S.C. §1983, for monetary damages for violations of his constitutional rights. In particular, Taylor alleges that Botkin retaliated against him for exercising his constitutionally protected right to file a lawsuit.

Before bringing the lawsuit at bar, in January of 2011, Samuel Taylor filed suit against several officials of the Missouri Department of Correction ("MDOC"), case number 1:11-CV-0006-SNLJ entitled *Taylor v. Phillips*. Botkin was not a Defendant in this separate suit. Botkin was employed as law librarian at the same correctional center, and she hired Taylor to work in the library as an inmate law clerk.

On or about January 21, 2011, Botkin called Taylor to her desk in the library and demanded to know whether Taylor was suing her. Botkin told Taylor she "Googled" herself and found out that he was suing her. Taylor denied that he sued Botkin, and explained to Botkin that

she was not a named party to the lawsuit.  Taylor showed her the lawsuit so she could see for herself that she was not a defendant.  Taylor did this by using the library computer to show Botkin that her name was not on the suit.  When Botkin saw the lawsuit, and saw that it included as a defendant her friend Cindy Griffith, she became upset and walked away.

Four days later, on January 25, 2011, Taylor was handcuffed and informed that he was being placed in Administrative Segregation ("Ad Seg").  Ad Seg is a form of punishment or a form of solitary confinement for improper conduct, or violation of prison policies.  Taylor was informed later by Investigator Timothy Lancaster that it was Botkin who had Taylor "confined to [the] hole."  Botkin had falsely reported that Taylor was going to fight with another inmate who also worked in the library, Messigh Stallmann.  She reported by telephone and in writing that the fight would happen within hours.  Corrections Officer Dale Hassen received the report and Plaintiff was handcuffed and placed in the hole.  Taylor was confined to Ad Seg on January 25, and not released until March.

Following the official investigation of Botkin's allegations, Taylor was found to have committed no offense.  Lead Investigator Timothy Lancaster found no evidence to support the information in Botkin's report.

Botkin testified that when an inmate goes into Ad Seg, they lose their job and would have to be rehired.  When Taylor returned to the general prison population, he asked Botkin to return to his job in the prison library.  Botkin adamantly refused to allow Taylor to return to his job as a law clerk in the law library.  Botkin testified at her deposition that she refused to rehire Taylor, and to this day says that "I'd prefer that I had never hired him in the first place."

Plaintiff, a trained paralegal with a college degree earned while incarcerated, was instead given a lower paying, strenuous job as a janitor, and as a kitchen worker.  These jobs required

2

very trying physical work and heavy lifting beyond Taylor's abilities.  The work involved in the new position proved very challenging and detrimental to Taylor's health.

Plaintiff complained of this treatment, and followed the required grievance procedure before filing this lawsuit.  This Court has jurisdiction to hear the matter, as agreed by the parties.

## II.    Factual Issues

The factual issues in question are (1) did Plaintiff engage in a protected activity; (2) were the actions Botkin took against Plaintiff the type of actions that would discourage an inmate working as a law clerk from filing a lawsuit; and (3) was the adverse action taken by Botkin motivated in part by Plaintiff's filing of a lawsuit.

## III.   Legal Issues

To succeed on a retaliation claim, a plaintiff must show: "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity."  *See Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013).

### A.    Protected Activity

The evidence will show that Plaintiff has met each of these elements.  Botkin does not dispute that Plaintiff engaged in a protected activity, since the filing of a lawsuit is indisputably an exercise of First Amendment rights.  *See Goff v. Burton*, 7 F.3d 734, 736 (8th Cir. 1993).  A prisoner's right to file a lawsuit or grievance is a well-established constitutionally protected right, and retaliation against a prisoner for exercising that right is a constitutional violation.  *See Spencer*, 738 F.3d at 913, *citing Goff,* 7 F.3d at 736 ("The right of an inmate to file a lawsuit is well established.").

### B.      Chilling Result

Defendant cannot seriously advance an argument that Botkin's actions were not chilling.

The facts are simple: Plaintiff works in the prison library as a law clerk. Plaintiff is called to report to his boss, the Librarian, Gwenn Botkin, and interrogated about filing a lawsuit she incorrectly believed named her as a defendant. After the confrontation and the hostile treatment from his boss, Librarian Gwenn Botkin, Plaintiff is handcuffed in his workplace, placed in Administrative Segregation, loses his job in the law library, loses pay while in Ad Seg, received a punishing physical job, and is refused his request to return to his job in the library.

Since we now know the allegations made by Botkin in her report were false, the only action taken by Plaintiff prior to this punishment was his filing of a lawsuit. What did he get for doing that? He lost his job, he got put into solitary confinement, he lost wages, and he was assigned to a job with harsh physical requirements. Certainly the things that happened to Plaintiff after filing his lawsuit would make a person of "ordinary firmness" think twice before filing any lawsuit.

Defendant's claim that Botkin "did not have the authority to issue an order that Taylor be placed in administrative segregation" is inapposite and ignores that Botkin singlehandedly precipitated the investigation. (Def. Trial Brief at 3). Reporting that fabricated emergency situation was sure to result in Taylor's Ad Seg—and Botkin knew it. As a result of the report, Taylor was placed in Ad Seg for more than a month and his job at the library was taken from him permanently. *See Spencer*, 738 F.3d at 911 ("Adverse actions which may show retaliation include denial of privileges… or acts worsening an inmate's working conditions") (internal citations omitted). These are both punishments that would surely chill a person of ordinary sensibilities from taking advantage of the right to file a lawsuit. *See Royal v. Kautzky*, 375 F.3d

4

720, 722 (8th Cir. 2004) (prisoner was retaliated against in violation of his First Amendment rights when he was placed in ad seg for sixty days in response to his filing of grievances).

    **C.**    **Motivated by Lawsuit**

This point is also not seriously in doubt.  The adverse action was unquestionably motivated by the exercise of the protected activity.  Botkin admits that she "Googled" herself and then demanded an explanation from Plaintiff.  Why would the prison Librarian demand an inmate explain _anything_ about a lawsuit that the inmate filed?  If there is a library that exists for the purpose of exercising a constitutional right, the person in charge of the library cannot persecute someone for exercising that right.  From the time Defendant Botkin challenged Plaintiff after "Googling" herself, all the way through her brazen admission that she refused his request to return to work in the library, she was punishing Plaintiff for filing his lawsuit.

Dated:  November 3, 2015                            Respectfully submitted,

                                                            BRYAN CAVE LLP

                                                          By  _/s/ Stephen G. Strauss_
                                                            Stephen G. Strauss  MO #45018
                                                            Helen C. Looney MO #67029
                                                           One Metropolitan Square
                                                          211 N. Broadway, Suite 3600
                                                          St. Louis, Missouri 63102
                                                          Telephone:  314-259-2000
                                                          Facsimile:  314-259-2020
                                                          sgstrauss@bryancave.com
                                                          helen.looney@bryancave.com

                                                          _Attorneys for Plaintiff Samuel Lewis Taylor_

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2015, a true and accurate copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                                         */s/ Stephen G. Strauss*
                                         Stephen G. Strauss