## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **SAMUEL LEWIS TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:12-cv-614 CAS** |
| | ) | |
| **GWENN BOTKIN, n/k/a MARLOW,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION FOR NEW TRIAL OR,
### IN THE ALTERNATIVE, TO AMEND JUDGMENT

Defendant Gwenn Botkin, n/k/a Marlow, files her memorandum in support of her motion for new trial or, in the alternative, to amend the judgment entered by this court [Doc. #103].

### FACTS

Plaintiff Samuel Taylor alleged that Gwenn Botkin retaliated against him because he filed a lawsuit against a different prison employee. He alleged that she falsely reported that he was going to participate in a fight in the library at Potosi Correctional Center. As a result, he was placed in administrative segregation while prison staff investigated the report. When he was released from administrative segregation he was not rehired in the library. Plaintiff did not suffer any physical injuries.

The case was tried to a jury beginning on November 30, 2015 and ending on December 1, 2015. Both Plaintiff and Defendant presented evidence. The case was submitted to the jury for nominal damages only. The jury returned a verdict in favor of Plaintiff in the amount of $1,000.00.

## STANDARD OF REVIEW

Following a jury trial resulting in an adverse judgment, a party may move for a new trial under Fed.R.Civ.P. 59(a)(1)(A). Under this rule "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice. *Lee ex rel. Lee v. Borders*, 2013 WL 4517730 (E.D. Mo. 2013), slip op. at *5, *quoting Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "Errors in evidentiary rulings … are only prejudicial, and therefore only represent a miscarriage of justice that requires a new trial, where the error likely affected the jury's verdict." *Id.*, *citing Diesel Machinery, Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005).

## DISCUSSION

I.    MOTION FOR NEW TRIAL

A.    Evidence Regarding Prior Convictions

The Court did not permit Defendant to refer to Plaintiff's prior convictions. This evidence was relevant to Plaintiff's credibility. Pursuant to Fed.R.Evid. 609(b), the limitation on use of a prior criminal conviction is "if

more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Plaintiff has not been released from confinement so the limitation is not applicable.

Defendant should have been permitted to ask the straightforward questions of whether Plaintiff had been convicted of a crime and on how many occasions. In such a case, the probative value of the evidence outweighs the prejudicial effect because of its weight on Plaintiff's credibility.

B.     Evidence Regarding Other Conduct Violations

Defendant sought to introduce evidence of Plaintiff's other conduct violations after Plaintiff testified that there was no other reason for Defendant's refusal to rehire him in the library. This Court ruled that such evidence was not admissible in response to Plaintiff's Motion in Limine, however, Plaintiff opened the door for the introduction of such evidence through his testimony.

The evidence would have allowed the jury to see that Plaintiff had several conduct violations during the relevant time period. The job of library clerk is a "premium" job that is sought after because the prisoners can work in the library without having to perform heavy, physical work, and because of the pay they receive for performing their duties in the library. A prisoner that has several conduct violations would not be a candidate for the library position.

3

The Court's ruling was, therefore, prejudicial as it would have affected the jury's verdict in regard to whether Plaintiff was retaliated against because he did not get his job back.

## II.     MOTION TO AMEND THE VERDICT

The Court submitted the case to the jury only on nominal damages. [Doc. #100, p. 6] The jury returned a verdict in the amount of $1,000.00. Plaintiff did not present any evidence that he was entitled to any more than nominal damages of $1.00.

The Prison Litigation Reform Act provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff complained of being placed in administrative segregation and not having his job. There was no evidence submitted regarding how much money he made or would have made while working.

"Nominal damages are the appropriate means to vindicate constitutional rights whose deprivation has not caused an actual, provable injury," and "one dollar is recognized as an appropriate value for nominal damages." *Williams v. Hobbs*, 662 F.3d 994, 1010 (8th Cir. 2012), *quoting Corpus v. Bennett*, 460 F.3d 912, 916 (8th Cir. 2005). As there was no evidence of a physical injury Plaintiff may not recover mental or emotional injury and

4

has failed to make a submissible case of lost wages. *See, e.g., Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *Edwards v. Dwyer*, 2008 WL 4286999 (E.D. Mo. 2008), slip op. at *3. Further, Plaintiff is barred from obtaining compensatory damages. *Jenkins v. Stutsman Correctional Ctr. Comm'r Chairman*, 2015 WL 1458158 (D.N.D. 2015), slip op. at *6, *citing Royal*, 375 F.3d at 723. *See also Foulk v. Charrier*, 262 F.3d 687, 703-04 (8th Cir. 2001) ("including nominal damages awards within the statute's reference to 'monetary awards' is consistent with that term's plain and ordinary meaning and Congress's apparent intent.")

As such, Plaintiff is entitled only to nominal damages of $1.00.

<u>CONCLUSION</u>

For the reasons stated herein, Defendant requests that this Court grant her motion for new trial or, alternatively, amend the judgment to reflect the proper nominal damages amount of $1.00.

5

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Katherine S. Walsh*
Katherine S. Walsh, MO37255
Elad Gross, MO67125
Assistant Attorneys General
Old Post Office Building
P.O. Box 861
St. Louis, MO 63188
Tel:   (314) 340-7861
Fax:   (314) 340-7029
katherine.walsh@ago.mo.gov
elad.gross@ago.mo.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court on the 23rd day of December, 2015 to be served by operation of the Court's electronic filing system on the following:

Stephen G. Strauss
Thor T. Mathison
Helen Looney
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis MO 63102
Tel:   (314) 259-2000
Fax:   (314) 259-2020
sgstrauss@bryancave.com

*/s/ Katherine S. Walsh*

6