# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

SAMUEL LEWIS TAYLOR,           )
                               )
        Plaintiff,             )
                               )    No. 4:12-CV-614 CAS
    v.                         )
                               )
UNKNOWN BAILEY, et al.,        )
                               )
        Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Gwenn Botkin's motion for new trial or, in the alternative, to amend the judgment. Plaintiff opposes the motion, which is fully briefed and ripe for review. Also before the Court is plaintiff's motion for attorneys' fees and costs, which is also briefed and ready for disposition. For the following reasons, the Court will deny defendant's motion for new trial, grant defendant's alternative motion to amend the judgment, and grant in part and deny in part plaintiff's motion for attorneys' fees and costs.

### *I. Background*

Plaintiff Samuel Lewis Taylor is an offender in the custody of the Missouri Department of Corrections ("MDOC"). He originally brought suit under 42 U.S.C. § 1983 for monetary damages against Unknown Botkins[1] and a number of other defendants, who have since been dismissed. The allegations against defendant Botkin arose from an incident in the prison library, where plaintiff worked, that occurred sometime in January 2011. Plaintiff claimed that defendant Botkin retaliated against him for filing suit against other MDOC officials and had him placed in administrative segregation. He also alleged that he lost his job in the prison library. The Court denied defendant Botkin's motion for summary judgment, appointed counsel for plaintiff, and after a two-day trial, the jury returned a verdict in favor of plaintiff and awarded him $1,000.00.

---

[1]Plaintiff misnamed defendant Gwenn Botkin as Unknown Botkins in his complaint. This defendant responded as "Gwenn Botkin." Plaintiff, however, did not amend his complaint. For purposes of clarity, from herein the Court shall refer to this defendant as "Botkin."

Defendant Botkin now moves for a new trial pursuant to Federal Rule of Civil Procedure 59. Botkin asserts that she is entitled to a new trial because she should have been permitted to introduce evidence regarding plaintiff's prior convictions and his conduct violations while in prison. In the alternative, defendant Botkin argues that the damages the jury awarded are not supported by the evidence and should be reduced. Plaintiff opposes these motions and argues that as the prevailing party he is entitled to an award of attorneys' fees and costs.

## *II. Discussion*

**A.      Defendant's Motion for New Trial**

Defendant Botkin moves for a new trial based on two evidentiary ruling. Botkin contends that she should have been able to question plaintiff about his prior convictions, which she argues were relevant as to his credibility. Defendant also argues that she should have been allowed to introduce evidence concerning plaintiff's other conduct violations.

 It is almost entirely within the discretion of the trial court whether to grant a new trial. See Federal Rule of Civil Procedure 59(a); Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). The key question is whether a new trial is required to avoid a miscarriage of justice. Belk, 228 F.3d at 878.

For the Court to order a new trial, the requesting party must have suffered prejudice, meaning that the result at trial would have been different, if not for the district court's error. See First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D., 679 F.3d 763, 769 (8th Cir. 2012) (courts should only grant a new trial or set aside a verdict "where the error prejudicially influences the outcome.") (quotations omitted); see also Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 833 (8th Cir. 2005). "Where the motion is based on the exclusion of evidence, '[we] will reverse only if the district court's ruling was based on an erroneous view of the law or a clearly erroneous assessment of the evidence and affirmance would result in fundamental unfairness.'" Amplatz v. Country Mut.

2

Ins. Co., 823 F.3d 1167, 1172 (8th Cir. 2016) (quoting Wegener v. Johnson, 527 F.3d 687, 690 (8th Cir. 2008)).

In a pretrial motion in limine, plaintiff moved to exclude reference to his convictions, other than the fact that he is incarcerated due to a felony conviction. Felony convictions are admissible in a civil case for the "purposes of attacking the character for truthfulness of the witness." Fed. R. Evid. 609. In his motion in limine, plaintiff argued that the jury would know that he was a convicted felon, but they need not know the specifics of the convictions and the length of his sentence. He argued that information regarding the nature of his convictions, which were for rape, and the length of his sentence was irrelevant to the facts at issue in this case, and it should be excluded as unduly prejudicial under Federal Rule of Evidence 403. After giving the parties an opportunity to be heard at a hearing, the Court granted plaintiff's motion, and the jury was instructed that plaintiff was a convicted felon currently in the custody of the MDOC. Foulk v. Charrier, 262 F.3d 687, 700 (8th Cir. 2001) (the district court did not abuse its discretion in excluding evidence, pursuant to Fed. R. Evid. 403, regarding the nature of plaintiff's prior felonies).

In the motion presently before the Court, defendant argues that she should have been allowed to question plaintiff about the nature of his convictions, but she adds nothing new to the arguments she made in opposing plaintiff's motion in limine. The Court declines to grant a new trial on this basis, because there was no error and defendant did not suffer prejudice.

Defendant also argues in her motion that she should have been allowed to introduce evidence of plaintiff's other conduct violations in prison. In a pretrial motion in limine, plaintiff moved to exclude any reference to his prison disciplinary records, with the exception of reports from early 2011 that were related to his retaliation claim. Defendant responded: "Defendant generally has no objection to this motion, with the exception that, if Plaintiff considers the Temporary Administrative Segregation Confinement records that are part of Plaintiff's grievance on the incident in his complaint to be disciplinary records, Defendant would object. Those documents are relevant to the Plaintiff's allegations and any prejudice is outweighed by their probative value." Doc. 95 at 2.

Plaintiff represented that he did not object to the introduction of the Temporary Administrative Segregation Confinement records, and at the hearing on the motion the Court denied the motion in limine as moot because defendant represented that she did not intend to introduce other disciplinary records. Now defendant Bothkin argues that it was error to have excluded this evidence. She points out that it was plaintiff who opened the door to the evidence when he testified that there was no other reason for defendant's refusal to rehire him in the library. The Court does not agree that plaintiff opened the door at trial. Defendant has known all along that plaintiff was claiming she had him placed in administration segregation and did not hire him back in the library because he filed suit against other prison officials. This has been plaintiff's contention from the beginning of this case. If defendant believed that evidence of plaintiff's other conduct violations was relevant to her decision not to rehire plaintiff in the library, she should have made this argument in response to plaintiff's motion in limine.

What is more, defendant has not shown how the outcome of the trial would have been different. Defendant asserts in her present motion that the job of library clerk is a "premium" job, and a prisoner with several conduct violations would not be a candidate for the library position. But plaintiff did work in the library, despite having conduct violations, and she fails to detail in her motion what conduct violations plaintiff subsequently incurred that would have disqualified him for the position. She also has not shown how defendant's record differed in comparison to other inmates who worked in the library. Defendant has not met her burden to show that she is entitled to a new trial based on the exclusion of this evidence. In sum, there has been no miscarriage of justice resulting from evidentiary rulings, and defendant is not entitled to a new trial. See Belk, 228 F.3d at 878.

**B.     Defendant's Motion to Amend the Judgment**

In the alternative, defendant moves to amend the judgment to decrease the amount of damages to $1.00. The case was submitted to the jury on nominal damages, and the jury returned a verdict of $1,000.00.

At trial, plaintiff did not claim to have physical injuries as a result of defendant's conduct. Plaintiff claimed that defendant had him placed in Administrative Segregation and then fired him from the library because he filed a lawsuit against other prison officials.

Section 1997(e) of the Prison Litigation Reform Act ("PLRA") states as follows:

> Limitations on recovery - no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of tile 18, United States Code).

42 U.S.C. § 1997e(e). The statute applies to "all federal actions brought by prisoners," including actions alleging violation of the First Amendment. Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (prohibiting prisoner plaintiff from recovering compensatory damages on his First Amendment claims, because those claims contained no allegations of physical injury). And the statute limits remedies for claims not involving injury to nominal damages and, where applicable, punitive damages, injunctive and declaratory relief. Id.; see also Sisney v. Reisch, 674 F.3d 839, 843 (8th Cir. 2012) (finding district court did not err in barring prisoner from recovering compensatory damages because no claim of physical injury).

The case of Corpus v. Bennett, 430 F.3d 912, 915 (8th Cir. 2005), is also instructive. In Corpus, a jury awarded an arrestee $75,000.00 in damages in a § 1983 action. The jury specially found that the officer had violated the plaintiff's constitutional rights, but he was not the direct cause of the plaintiff's injuries. Id. Stating that "nominal damages are the appropriate means 'to vindicate constitutional rights whose deprivation has not caused an actual, provable injury,'" the Eighth Circuit affirmed the district court's reduction in the amount of damages from $75,000.00 to $1.00. Id. at 916 (quoting Westcott v. Crinklaw, 133 F.3d 658, 662 (8th Cir. 1998)). In so doing, the Eighth Circuit noted that the district court had a "duty" to make the damages award conform with the law, and that "one dollar is recognized as an appropriate value for nominal damages." Id. (citing Risdal v. Halford, 209 F.3d 1071, 1073 (8th Cir. 2000)).

5

In this case, the jury awarded plaintiff $1,000.00 in damages. Plaintiff, however, did not suffer physical injuries as a result of defendant's conduct. He did not ask for injunctive or declaratory relief, and the Court denied plaintiff's motion for a punitive damages instruction. Plaintiff is limited, therefore, to nominal damages only. See Corpus, 430 F.3d at 916; Royal, 375 F.3d at 723. The Court must find that the law does not permit the amount of damages the jury awarded. The Court will amend the judgment and reduce the amount of damages to $1.00, as plaintiff is only entitled to a nominal damage award. Id.

Plaintiff argues in opposition that it was defendant Botkin who submitted the verdict form and, therefore, she cannot complain that the jury awarded him $1,000.00 in damages. He argues that "[t]he jury was well within their rights to follow the verdict form and award the amount they chose." Doc. 109 at 2. But the law is clear that plaintiff is not entitled to the amount of damages the jury awarded and, in fact, this Court is under a duty to reduce the award. Corpus, 430 F.3d at 916. Plaintiff also argues in response that the award of $1,000.00 in damages demonstrates that the jury should have been given a punitive damages instruction.[2] According to plaintiff, the jury would have awarded punitive damages "had they been limited to awarding only nominal and punitive damages," and, therefore, the $1,000.00 award was proper. Doc. 109 at 2. Plaintiff does not cite any legal authority for the proposition that a nominal damage award in excess of $1.00 is an indication that a jury would have awarded punitive damages had a punitive damage instruction been given. In effect, plaintiff is asking the Court to speculate as to why the jury awarded him $1,000.00 in damages. The fact that the jury awarded plaintiff an amount above nominal damages certainly does not mean plaintiff is entitled to keep the award. Simply put, plaintiff's argument is contrary to controlling Eighth Circuit precedent. See Corpus, 430 F.3d at 916; Risdal, 209 F.3d at 1073. The Court grants defendant Botkin's motion to reduce the award of the judgment.

---

[2]The Court determined at trial that the evidence did not support a punitive damages instruction – a decision neither side has moved that the Court revisit at this time.

C.  **Plaintiff's Motion for Attorneys' Fees and Costs**

Plaintiff moves for an award of attorneys' fees and costs as the prevailing party in this case. Plaintiff requests that the Court order defendant to pay $1,500.00 in attorneys' fees – 150% of the jury's damages award. Plaintiff further requests $1,802.73 in costs. Defendant does not object to an award of fees and costs, but she opposes the amount plaintiff is requesting.

1.  **Attorneys' fees**

Plaintiff moves that he be awarded his attorneys' fees as the prevailing party pursuant to 42 U.S.C. § 1988(b). The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), authorizes the Court to award reasonable attorneys' fees to the "prevailing party" in a § 1983 lawsuit. Specifically, it provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. § 1681 et seq.], . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b) (2012). In his motion, plaintiff acknowledges that an award of attorneys' fees in this case is limited by the PLRA.[3] Section 1997e(d)(2) states, "If the award of attorney's fees is

---

[3]With regard to attorneys' fees the PLRA provides:

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that--

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly

not greater than 150 percent of the judgment, the excess shall be paid by the defendant." 42 U.S.C. § 1997e(d)(2). The Eighth Circuit has interpreted this sentence as imposing a cap on attorney's fees at 150% of a monetary award. Keup v. Hopkins, 596 F.3d 899, 905 (8th Cir. 2010) ("[w]e have repeatedly construed this 'awkwardly worded' statute to cap awards of attorney fees in prisoner rights cases to 150% of the monetary damages awarded.") (quoting Royal, 375 F.3d at 725–26). In this case, plaintiff is only entitled to an award of nominal damages, which the Eighth Circuit has held is a "monetary award" within the meaning of 42 U.S.C. § 1997e(d)(2). Foulk, 262 F.3d at 703. According to the Eighth Circuit, a prevailing plaintiff who is a prisoner is only entitled to an award of attorneys' fees up to 150% of the damages award, even if the defendant was found to have violated the Constitution but only nominal damages were assessed because there were no physical injuries. Corpus, 430 F.3d at 915 ("nominal damages are the appropriate means to vindicate constitutional rights whose deprivation has not caused an actual, provable injury") (quotation omitted); Foulk, 262 F.3d at 704 (in case where jury only awarded nominal damages, it was error for the district court to have awarded attorney's fees in the amount of $12,048.60. "[The plaintiff] is entitled to no more than $1.50 in attorney's fees."). Consequently, plaintiff is only entitled to $1.50 in attorneys' fees.[4] While the Court finds the amount to be absurd and insulting to appointed counsel, it is constrained by binding precedent.

---

rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

(4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

42 U.S.C. § 1997e(d).

[4] In actuality, if one were to follow the letter of the statute, plaintiff would be entitled to less than $1.50 in attorneys' fees from defendant because "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2) (emphasis added).

### 2. Costs

Plaintiff also moves for an award of costs. Initially, plaintiff requested $1,802.73 in costs as the prevailing party under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). In support of his request, plaintiff submitted a Bill of Costs and a itemized list of costs. Defendant objected to the amount requested and argued that plaintiff had included costs not permitted under 28 U.S.C. § 1920. Defendant argued that plaintiff was only entitled to $1,539.70. In his reply memorandum, plaintiff conceded the point. The Court, therefore, will award plaintiff $1,539.70 in costs.

### *III. Conclusion*

The Court finds that defendant Botkin is not entitled to a new trial based on the exclusion of evidence regarding plaintiff's convictions and conduct violations. The Court will, however, grant defendant Botkin's motion to reduce the amount of damages. Plaintiff was awarded $1,000.00 in damages, which exceeds the amount allowed under the PLRA and Eighth Circuit case law. In this case, plaintiff is only entitled to $1.00 in nominal damages. As for plaintiff's motion for attorneys' fees and costs, the Court will grant plaintiff's motion to the extent allowed under controlling precedent. Plaintiff is entitled to $1.50 in attorneys' fees and $1,539.70 in costs.

The Court wishes to express its appreciation to appointed counsel for their efforts on behalf of plaintiff in this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Gwenn Botkin's motion for a new trial or, in the alternative, to amend the judgment is **GRANTED in part** and **DENIED in part**. The Court will **GRANT** the alternative motion to amend the judgment and reduce the amount of damages to One Dollar ($1.00). In all other respects, the motion is **DENIED**. [Doc. 105]

**IT IS FURTHER ORDERED** that plaintiff Samuel Lewis Taylor's motion for an award of attorneys' fees and costs is **GRANTED in part** and **DENIED in part** as follows: Plaintiff Samuel Lewis Taylor is awarded attorneys' fees in the amount of One Dollar and Fifty Cents ($1.50). Costs are assessed against defendant Gwenn Botkin in the amount of One Thousand Five Hundred Thirty-Nine Dollars and Seventy Cents ($1,539.70). [Doc. 104]

An amended judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of August, 2016.